

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

CR 05-442

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

November 9, 2005

**FILED**
**JAN 1 3 2006**
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BY FAX
Stanley Brand, Esq.
Brand & Frulla
923 Fifteenth St., N.W.
Washington, D.C. 20005

Dear Mr. Brand:

    This letter sets forth the plea agreement this Office is willing to enter into with your client, William Art Roberts. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me no later than November 23, 2005. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

    1. **Charges**. Your client agrees to plead guilty to an Information charging him with False Personation of an Officer or Employee of the United States, in violation of 18 U.S.C. § 912. The Information, a copy of which is attached, will be filed in the United States District Court for the District of Columbia prior to the plea hearing. The government agrees not to bring any additional charges against your client in connection with the delivery on or about July 23, 2004, of a letter addressed to a Justice of the Royal Courts of Justice in London, England, and falsely claiming to submit certain enclosed reports on behalf of the Permanent Subcommittee on Investigations of the Committee on Governmental Affairs of the United States Senate.

    2. **Potential penalties, assessments, and restitution**. Your client understands that pursuant to 18 U.S.C. §§ 912, 3559 (a)(2)(4), 3571(b)(3), 3582(b)(2), the offense carries a maximum penalty of 3 years of imprisonment, a maximum fine of $250,000, or both, and a maximum period of supervised release of not more than three years. In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court prior to the date of sentencing. See 18 U.S.C. § 3013. Your client understands that the sentence in this case will be determined by the Court, guided by the factors listed in 18 U.S.C. § 3553(a) and after consulting with and taking into account the United States Sentencing Guidelines.

    3. **Release/Detention pending sentencing.** The government will not seek your client's detention pending sentencing if your client complies with all release conditions set by the Court at the time of your client's guilty plea and with the terms of this agreement, and commits no further

crimes. However, your client acknowledges that the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's guilty plea.

4. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

5. **Sentencing**. Your client and the government agree that a sentence within the sentencing range determined pursuant to the United States Sentencing Guidelines would be a reasonable sentence in this case. The parties agree that the Guideline applicable to the offense to which your client is pleading guilty is §2J1.4. In that your client committed the impersonation in order to facilitate another offense, that is, mail fraud, §2J1.4(c)(1) directs that the Guideline for an attempt to commit mail fraud be applied. The attempt Guideline, §2X1.1(a), in turn directs that the applicable Guideline for the substantive offense of mail fraud be applied. The parties thus agree that your client's base offense level should be calculated pursuant to §2B1.1. Pursuant to §2B1.1(a)(2), your client's base offense level is 6. The parties agree, however, that the specific offense characteristic set forth in §2B1.1(b)(8) is applicable in this case, in that the offense involved a misrepresentation that your client was acting on behalf of a government agency. Accordingly, the parties agree that the appropriate offense level is 10. Finally, the parties agree that §2X1.1(b)(1) does not apply since your client completed all the acts he believed necessary for successful completion of the substantive offense. The government agrees that it will not seek any other increases in your client's offense level.

The parties agree that the defendant's Criminal History Category will be calculated to include any applicable convictions.

Your client fully and completely understands that the final determination of his sentence will be made by the Court, which must consult with and take into account the United States Sentencing Guidelines but is not bound by those Sentencing Guidelines. Your client understands that the failure

of the Court or the Probation Office to determine the guideline range in accordance with the above calculations will not void this plea agreement or serve as a basis for the withdrawal of this plea. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

If your client complies with the terms and conditions of this agreement, complies with all release conditions, continues to accept responsibility for his criminal conduct, and commits no other criminal acts, then the United States will not oppose a two level reduction in the defendant's offense level for his acceptance of responsibility pursuant to §3E1.1, resulting in an offense level of 8 and a Guidelines range, if your client's Criminal History Category is I, of 0 to 6 months imprisonment. If the Court in fact determines that your client's Criminal History Category is I, then the United States will not object to a sentence at the low end of the applicable Guidelines range. Your client understands that the Court remains free to impose a sentence of imprisonment within or above the applicable Guidelines range, up to the statutory maximum.

Defendant agrees to pay a fine of $20,000, which is the amount set forth for offense level 10 in §8C2.4(d) of the Guidelines. The defendant understands that the Court may impose a fine up to the statutory maximum.

6. **Limited Waiver of Appeal.** Your client is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. The defendant is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Court. Knowing that, your client waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that the Court sentences the defendant to a period of imprisonment longer than the statutory maximum. In agreeing to this waiver, your client is aware that his sentence has not yet been determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, the defendant knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the government in this agreement. Further, the defendant reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him.

7. **Reservation of allocution.** Except as set forth in paragraph five, the United States reserves its full right of allocution for purposes of sentencing in this matter, including, for example, the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in

connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case. In addition, if in this plea agreement the United States has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues.

      8. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; Immigration and Customs Enforcement of the United States Department of Homeland Security; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

      9. **Breach of agreement**. Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

      Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

      Any prosecutions of your client not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced against your client in accordance with this paragraph. notwithstanding the running of the statute of limitations before the

commencement of such prosecutions. Your client knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

10. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely,

KENNETH L. WAINSTEIN
United States Attorney

ANGELA G. SCHMIDT
Assistant U.S. Attorney
Texas Bar # 17764980
United States Attorney's Office
555 4th St., N.W., 11th floor
Washington, D.C. 20530
(202) 514-7273
Angela.Schmidt@usdoj.gov

## Defendant's Agreement

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty because I am guilty of the crime charged in the Information.

_1/13/06_
Date

_William Art Roberts_

## Defense Counsel's Acknowledgment

I am defendant's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

_1/13/06_
Date

Stanley Brand
Counsel for William Art Roberts