**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | **Cr. No.: 05-442 (EGS)** |
| **WILLIAM ART ROBERTS,** : | |
| : | |
| : | |
| **Defendant.** : | |

**WILLIAM ART ROBERT'S MEMORANDUM**
**IN AID OF SENTENCING**

Defendant, William Art Roberts, respectfully submits this memorandum in support of his sentencing currently scheduled for April 21, 2006 before this Court. At sentencing, Mr. Roberts will admit that he committed criminal conduct, apologize to this Court, and accept this Court's sentence. In other words, Mr. Robert's behavior at sentencing will be no different than his conduct during this entire litigation. From the inception of this dispute, Mr. Roberts has admitted that he erred, and accepted responsibility for his misconduct. He has never attempted to transfer responsibility for his conduct to other individuals or to concoct some technical excuse justifying his criminal conduct. Rather, Mr. Roberts has been honest throughout this ordeal. He committed the crime, and he accepted responsibility for his erroneous conduct. As such, this Court should impose a probationary sentence upon Mr. Roberts.

Prior to *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines controlled the sentencing of defendants. The law required courts to adhere to the guidelines, although some flexibility existed for the courts to depart upward or downward based upon the facts surrounding a certain defendant. In this case, if this Court were to apply the guidelines, the

sentencing range would be 0-6 months in Zone A.  Thus, this Court, according to the guidelines, would be free to sentence Mr. Roberts to probation.

*Booker*, however, fundamentally altered the sentencing landscape.  Now, pursuant to *Booker*, the sentencing guidelines are not mandatory, just advisory.  Thus, courts can use the guidelines to assist in sentencing, but are not required to adhere to them.  In simple terms, *Booker* restored some of the sentencing discretion to the courts that the guidelines had removed.  Yet, in this case, whether the guidelines are advisory or mandatory is irrelevant.  Based upon Mr. Robert's conduct since the inception of this dispute, this Court should sentence him to a probationary period.  Such a sentence would ensure that Mr. Roberts will not commit future crimes, protect the public, and reflect the seriousness of the offense to which he pled.  *See* 18 U.S.C. §§ 3553(a)(2)(A)-(D) (factors a court must consider before imposing sentence).

Mr. Roberts falsely impersonated an officer and employee of the United States by engaging in the conduct detailed in the information filed in this case.  Mr. Roberts has readily admitted to his involvement in that crime, and accepted responsibility for his conduct.  In addition, he never contested the government's case against him and, based upon his acceptance of responsibility for his criminal conduct, the government was not required to present this case to a grand jury or to try it.  In other words, by admitting his misconduct, Mr. Roberts has saved the government the time and expense in presenting the case to the grand jury and then trying it.  Indeed, Mr. Roberts' acceptance of responsibility regarding his misconduct extended to the civil arena where, because of his realization that he had erred, he resigned as owner/partner from his lobbying firm and paid the firm's expenses incurred in retaining a law firm to investigate his conduct ($100,000).  In simple terms, Mr. Roberts has done all he can, including expending an enormous amount of money, to rectify this situation and, while no justification exists for his

conduct, Mr. Roberts hopes that, because he admitted his mistake from the beginning of this dispute and saved the government time and money, this Court will sentence him to probation. Such a sentence would be fair and just to all parties.

Respectfully submitted this 30th day of March, 2006.

_____
Ross A. Nabatoff, Esq.
Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
 Attorney for Defendant William Art Roberts